MEMORANDUM **
Jose Luis Cervantes Vasquez and his wife, Laura Cervantes, natives and citizens *299 of Mexico, petition for review of an order of the Board of Immigration Appeals (“BIA”) dismissing their appeal from an immigration judge’s decision denying their application for cancellation of removal, and denying their motion to remand removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, Ordonez v. INS, 345 F.3d 777, 782 (9th Cir.2003), and for substantial evidence findings of fact regarding counsel’s ineffective assistance, Lin v. Ashcroft, 377 F.3d 1014, 1023 (9th Cir.2004). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the BIA’s discretionary determination that Cervantes Vasquez failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005); de Lourdes v. Mukasey, 539 F.3d 1102, 1106-07 (9th Cir.2008).
Substantial evidence supports the BIA’s conclusion that Cervantes Vasquez did not establish his prior counsel’s ineffectiveness because Cervantes Vasquez did not comply with the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), see Iturribarria v. INS, 321 F.3d 889, 900 (9th Cir.2003), and failed to establish prejudice, see Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005).
Finally, the BIA did not abuse its discretion by denying Cervantes Vasquez’s motion to remand, because the BIA considered the evidence he submitted and acted within its discretion in determining that the evidence was insufficient to warrant remanding. See Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA’s denial of a motion to reopen shall be reversed if it is “arbitrary, irrational, or contrary to law”) (internal quotation marks and citation omitted).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.